USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR ADORNO,

                    Petitioner,

-against-

WARDEN MICHAEL NESSINGER,

                    Respondent.

24-CV-9760 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 21, 2024, Petitioner, who is an incarcerated federal defendant, placed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Petition") in the prison mail system, *see* Dkt. 1-4 at 2;

WHEREAS the Petition was processed and filed in the United States District Court for the District of Rhode Island on November 27, 2024, *see* Dkt. 1;

WHEREAS at the time the Petition was placed into the mail, Petitioner was incarcerated and serving a sentence at Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island, a state facility that lodges federal prisoners pursuant to a contractual arrangement with the United States Bureau of Prisons ("BoP"), *see* Dkt. 13;

WHEREAS with the Petition, Petitioner filed a Motion Requesting an Order to Remain at Wyatt pending resolution of his Petition, *see* Dkt. 2;

WHEREAS the Petition challenges a disciplinary proceeding that occurred while he was incarcerated at Wyatt, seeks vacatur of the discipline imposed in that proceeding, and seeks immediate release from custody, *see* Dkts. 1–2;

WHEREAS while Petitioner was incarcerated at Wyatt, his legal custodian was Patrick McFarland, a New York Residential Reentry Manager for BoP, *see* Dkt. 13, although his actual custodian was the warden of Wyatt, Michael Nessinger, the named Respondent in this action;

WHEREAS on December 4, 2024, the District of Rhode Island ordered the Petition transferred to Southern District of New York based on the location of his legal custodian, *see* Text Order dated December 4, 2024;

WHEREAS on December 11, 2024, Petitioner was transferred from Wyatt to Federal Transfer Center Oklahoma, *see* Dkt. 13;

WHEREAS on January 6, 2025, Petitioner was transferred to his designated facility, USP Florence – High, U.S. Penitentiary, in Florence, Colorado, where he remains in custody with a projected release date of April 10, 2025, *see id.*; https://www.bop.gov/inmateloc// (last visited Feb. 14, 2025, and entered register no. 91044-038);

WHEREAS the "general rule in regard to personal jurisdiction under Section 2241 is that the writ may only issue within the district where the petitioner is 'in custody,'" *Ramirez v. United States*, No. 05 CIV 2692(RMB)(KNF), 2007 WL 2729019, at *3 (S.D.N.Y. Sept. 14, 2007) (quoting *United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir. 1969));

WHEREAS Section 2241 generally limits a district court's jurisdiction to adjudicate "a prisoner's petition for habeas corpus to those situations where the prisoner *both* is physically present in the court's territorial jurisdiction *and* is detained or held in custody within that jurisdiction," and a court lacks "power to issue a writ unless the person who has custody of a petitioner is within reach of the court's process," *Laird*, 412 F.2d at 20–21 (emphasis added); *see also Duncan v. State of Me.*, 295 F.2d 528, 530 (1st Cir. 1961) (holding that a district court lacks

jurisdiction over a Section 2241 petition brought by a petitioner held in custody in the district pursuant to a state court judgment but held outside the court's jurisdiction at the time of the application for the writ);

WHEREAS Petitioner's 2241 petition is deemed to have been filed on the day it was placed into the prison mail system, *see Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001), which was November 21, 2024;

WHEREAS "the jurisdiction of a district court is not defeated when a petitioner who has commenced a proceeding while present in the district is involuntarily removed during its pendency," *U. S. ex rel. Meadows v. State of N. Y.*, 426 F.2d 1176, 1182 (2d Cir. 1970); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (district court retains jurisdiction over petitioner who is moved after properly filing a petition naming the petitioner's immediate custodian);

WHEREAS Petitioner was in custody in a facility in Rhode Island at the time he placed his Petition in the prison mail system and at the time the Petition was processed and filed on the docket; the Petition was properly filed against the warden in whose physical custody Petitioner was held, *see Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) ("The Supreme Court has made clear that whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (quoting *Padilla*, 542 U.S. at 441) (cleaned up));

WHEREAS Petitioner was never physically located or confined in this District, so the Court does not have jurisdiction over this action, *see Laird*, 412 F.2d at 20–21;

WHEREAS a reasonable argument could be made that this case should be transferred back to the District of Rhode Island because the involuntary movement of Petitioner out of that

district did not defeat jurisdiction there, *see Meadows*, 426 F.2d at 1182; *Padilla*, 542 U.S. at 441; and

WHEREAS because the Government has consented to have this case transferred to the District of Colorado and having the warden of Petitioner's current place of confinement, M. Starr, substituted as Respondent, *see* Dkt. 13, and because doing so seems most efficient given the imminence of Petitioner's projected date of release;

IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to transfer this case to the District of Colorado and close this case.

IT IS FURTHER ORDERED that the Clerk is respectfully directed to mail a copy of this Order Hector Adorno, Register No. 91044-038, USP Florence – High, U.S. Penitentiary, P.O. BOX 7000, Florence, CO 81226.

**SO ORDERED.**

Dated: **February 14, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**